IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONTRELL PLUMMER, #B14235,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:20-cv-00950-SMY |
| ) | |
| **T. ADESANYA,** ) | |
| **DR. BUTALID,** ) | |
| **NURSE KIM,** ) | |
| **MARSHA HILL,** ) | |
| **DR. MYERS,** ) | |
| **BOBBY BLUM,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **JOHN BALDWIN,** ) | |
| **JANE/JOHN DOE 1, and** ) | |
| **BOSWELL PHARMACY SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff alleges the following in the Complaint (Doc. 1): Dr. Butalid told Plaintiff during a visit on April 5, 2018 that he would make sure Plaintiff received a BREO inhaler for his wheezing. They discussed Plaintiff's difficulties with getting refill inhalers and different types of

inhalers Plaintiff had been prescribed.  Plaintiff told Nurse Kim and other nurses during treatment line on April 6, 2018 that he was having difficulty breathing.  Nurse Kim gave him a breathing treatment and told him to go back to his housing unit.  She did not take his vitals and he was still having difficulty breathing.  Nurse Kim did not inform the head nurse or call a doctor.

Plaintiff complained about having difficulty breathing during treatment line on April 7, 2018.  He went to the health care unit and saw Nurse Marsha Hill.  During a sick call visit, the nurse fills out a progress note, takes your vitals, and determines whether you will see a doctor or nurse practitioner.  When Plaintiff asked Hill if he was going to see a doctor, she stated, "no!"  He insisted on being seen and waited approximately an hour and a half to be seen by Physician Assistant T. Adesanya.  After listening to Plaintiff's lungs, Adesanya prescribed prednisone twice a day.  Plaintiff requested something "right now" to stop his wheezing and Adesanya stated, "no!"  Plaintiff told Adesanya that his blood oxygen level was 91%.  Adesanya responded "you have bronchitis and I don't know if you are wheezing or that's just the way you breathe."  Plaintiff's breathing became "more problematic," but he was sent to his housing unit anyway.

C/O Hunt escorted Plaintiff to his housing unit.  Hunt told him to take his time because he could see Plaintiff was in physical distress.  Plaintiff wheezed in his cell until the dinner chow line was called.  He could not make it up the stairs to chow.  Hunt told Plaintiff to sit in a chair while chow line was secured.  Plaintiff was then taken by wheelchair to the health care unit.  Plaintiff's blood oxygen level was 50%.  He was given a breathing treatment.  The doctor was called, and Plaintiff received additional medication, was admitted to the infirmary, received breathing treatments every 4-6 hours, and was placed on oxygen.  His blood oxygen level was 60, 70, and then 80.

Wexford and its employees have "labeled" Plaintiff with COPD and have consistently

failed to find the cause of his wheezing and the damage to his lungs so that he could be treated. Dr. Butalid, Dr. Myers, PA Adesanya, Nurse Practitioner Bobby Blum and Wexford have reached their level of expertise with Plaintiff's asthma and COPD. This has caused Plaintiff pain and suffering every few months from having asthma attacks and constant wheezing. Because Boswell Pharmacy Services LLC has failed to provide Plaintiff with his medication according to the refill directions, Wexford and its medical staff have frequently changed Plaintiff's steroid inhaler which causes Plaintiff to get sick.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Sources, Inc., Jane/John Doe 1, Nurse Kim, T. Adesanya, Dr. Butalid, Marsha Hill, Dr. Myers, Bobby Blum, and Boswell Pharmacy Services, LLC for not ensuring proper treatment for Plaintiff's asthma and COPD.
>
> Count 2: Americans with Disabilities Act claim against John Baldwin .
>
> Count 3: Violation of the Wrongful Preventative Act against Wexford Health Sources, Inc., Jane/John Doe 1, Nurse Kim, Adesanya, Dr. Butalid, Marsha Hill, Dr. Myers, Bobby Blum, and Boswell Pharmacy Services, LLC.

Any other claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff seeks to hold Wexford responsible for the actions of its employees, but Wexford cannot be held liable based on *respondeat superior*. It may only be held liable if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois Dept. of*

3

*Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). There is no suggestion in the Complaint that Wexford maintained a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford, and it will be dismissed without prejudice for failure to state a claim.

Plaintiff names Jane/John Doe Defendant but makes no allegation against this individual. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a Section 1983 claim a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Absent any allegations describing what this individual did or failed to do in violation of Plaintiff's constitutional rights, a claim against them cannot proceed. Therefore, Jane/John Doe 1 will be dismissed without prejudice for failure to state a claim.

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must

allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Nurse Kim and PA Adesanya, but not against Dr. Butalid, Nurse Marsha Hill, Dr. Myers, NP Bobby Blum, or Boswell Pharmacy Services, LLC. Plaintiff alleges that Nurse Kim and PA Adesanya ignored his complaints of difficulty breathing and/or failed to provide proper treatment for his COPD and asthma. However, the allegation that Plaintiff's COPD and asthma were beyond the level of expertise of Dr. Butalid, Dr. Myers, and Nurse Practitioner Bobby Blum is not sufficient to state a claim for deliberate indifference. There are no allegations regarding the role that Dr. Butalid, Dr. Myers, or NP Bobby Blum played in Plaintiff's medical care or that any of these individuals denied him needed medical care or otherwise disregarded his medical needs. Plaintiff describes only one instance when he saw Dr. Butalid and discussed a prescription for a different type of inhaler. And while he alleges that Nurse Martha Hill told him he was not going to be seen by a doctor, he was seen an hour and a half later by PA Adesanya. Finally, Plaintiff makes only a vague allegation that Boswell Pharmacy Services LLC failed to provide him with his medication according to the refill directions. This allegation alone is insufficient to state a colorable claim. Plaintiff's claims against Dr. Butalid, Nurse Marsha Hill, Dr. Myers, Bobby Blum, or Boswell Pharmacy Services, LLC will therefore be dismissed.

**Count 2**

The Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). A claim that Plaintiff has not been properly treated for a medical condition is

5

distinctly different from a claim that he has been denied access to services or programs because he is disabled and is not cognizable under the ADA.  *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); *Resel v. Fox*, 26 F.App'x. 572, 577 (7th Cir. 2001) (unpublished) (holding that "a prison official does not violate the ADA when failing to attend to the medical needs of ... disabled prisoners.") (internal quotation marks and citation omitted).  Therefore, Count 2 will be dismissed.

### Count 3

Plaintiff claims he was denied medical treatment in violation of the "Wrongful Preventative Act."  He cites no law in support of this claim, and the Court found no such authority.  As such, Count 3 fails to state a claim for a federal constitutional violation cognizable under § 1983 and will be dismissed.

### Disposition

The Complaint survives preliminary review under 28 U.S.C. § 1915A on the Eighth Amendment deliberate indifference to serious medical needs claim in **Count 1** against Nurse Kim and T. Adesanya; **Counts 2 and 3** are **DISMISSED without prejudice**.  Because Plaintiff fails to state a claim for relief against Wexford Health Sources Inc., Jane/John Doe 1, Dr. Butalid, Marsha Hill, Dr. Myers, Bobby Blum, John Baldwin and Boswell Pharmacy Services, LLC, they are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court shall prepare for Defendants Nurse Kim and T. Adesanya: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **Fed. R. Civ. P. 41(b).**

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: May 3, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.